

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. P. Herms, Jr.
County Auditor
Waller County
Hempstead, Texas

Dear Sir:

Opinion No. 0-6085
Re: The duties of the County
Commissioners' Court, re-
garding the employment of
a janitor and related
matters.

Your letter of June 24, 1944, requesting the opinion of this department on the questions stated therein, is in part, as follows:

"I shall appreciate your clarification regard-
ing the responsibility of the administrative officers
of Waller County in reference to our Court House build-
ing and Jail. There seems to be some question as to
whether or not such acts as the assignment of office
space in the Court House, the employment of a janitor,
etc., are an administrative duty of the Commissioner's
Court or of the sheriff.

"We, in this county, have been discussing this
question for some two years, the discussion beginning
by an article printed by The Houston Chronicle, quot-
ing County Auditor Washburn's legal advisor as ruling
the 'the sheriff is custodian of the Court House.'

"In case the sheriff is custodian of the Court
House, then please roughly outline the meaning of the
word 'Custodian' as used in the statutes covering
particularly the following points:

1. The appointment, and general supervision
of the work, of the janitor.
2. The assignment of office space to the
various county offices.
3. The allocation of office equipment to
the various offices.
4. The responsibility for minor repairs
to be made to buildings.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"If the above numbered items are the Sheriff's responsibility within the limits of his duties as custodian of the Court House, then in items Number 1 and 4 where an expenditure is necessary to fullfill such service--and since the Commissioner's Court has sole authority to make such expenditures--then in effect, does this not preclude any administrative responsibility of the sheriff for which expenditure of funds is necessary."

Art. 5, Sec. 18, of the State Constitution, provides, in part, as follows:

"The county commissioners so chosen, with the county judge as presiding officer, shall compose the County Commissioners' Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of this State, or as may be hereafter prescribed."

In the case of Anderson, et al, vs. Wood, 152 S. 2d 1084, the Supreme Court, with reference to the foregoing provision of the Constitution, said:

"While under the above constitutional provision, the jurisdiction of the Commissioners' Court over county business, is not general and all-inclusive,but is limited to such as is specifically conferred by the Constitution and statutes. (Mills County vs. Lampasas County, 90 Texas, 603, 40 S. x. 403), yet the Commissioners' Court is the acting governing body of the county. . . .It is the general business and contracting agency of the county, and it alone has authority to make contracts binding on the county, unless otherwise specifically provided by statute.... Where a right is conferred, or obligation imposed on said Court, it has implied authority to exercise a broad discretion to accomplish the purposes intended.. ... On the other hand, a sheriff has no authority to make contracts that are binding on the county, except where he is specifically so authorized to do by statute...."

Art. 677, V.A.C.S., provides:

"Sheriffs shall have charge and control of
the courthouse of their respective counties, subject
to such regulations as the Commissioners' Court may
prescribe; and the official bond shall extend to
and include the faithful performance of their duties
under this article."

Art. 2351, V...C.S., imposes on the Commissioners'
Court the duty to "provide and keep in repair courthouses, jails
and all necessary public buildings."

Referring to Art. 2351, in the case of Anderson, et al,
vs. Wood, supra, it is stated:

"The duties thus imposed are not limited to
the furnishing of a bare building and keeping it in
repair. It contemplates an inhabitable courthouse;
one that is useful for the purposes intended. This
would include the furnishing of heat, elevator ser-
vice where needed, as well as janitor service to
keep it clean and useful. Since it is under the
duty of providing these conveniences, the Commission-
ers' Court has at least the implied power and author-
ity to contract therefor. Dodson vs. Marshall,
Texas Civil Appeals, 118 S. W. 2d 621. We think,
therefore, the Commissioners' Court has the authority
to select, contract with, and discharge the above
mentioned courthouse employees."

Construing Art. 6872, V.A.C.S., it is stated in the
case of Anderson, et al, vs. Wood, supra,:

"The above statute places the sheriff in charge
and control of the courthouse merely for the purpose
of keeping order and preserving the property. These
are ministerial duties that are in keeping with the
duties of a peace officer. It is not intended to
vest the sheriff with discretionary power to contract
for on behalf of the county with employees to keep
the building in a useful condition. These are duties
that call for the exercise of discretion in the use of
the contracting power of the county, such as is vested
in the Commissioners' Court."

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that it is the duty of the Commissioners' Court to appoint a janitor and supervise his work. It is our further opinion that the assignment of office space to various county officers, the allocation of office equipment to various officers and the responsibility for minor repairs to be made to public buildings are all duties of the Commissioners' Court. There is no duty or responsibility imposed upon the sheriff pertaining to the questions under consideration.

                    Yours very truly

                ATTORNEY GENERAL OF TEXAS

        By  *Ardell Williams*
                    Ardell Williams
                    Assistant

AW:rt

(Acting)



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN